United States District Court
Southern District of Texas
**ENTERED**
June 22, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSE FERNANDO CARDENAS-LIRA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-144 |
| | § | |
| CHARLES A. BANKER III, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION
## TO DISMISS CASE AND TO IMPOSE SANCTIONS

This civil rights action was filed by a federal prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff Jose Fernando Cardenas-Lira's action is subject to screening regardless whether he prepays the entire filing fee or proceeds as a pauper. *Ruiz v. United States,* 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam). Plaintiff's *pro se* complaint must be read indulgently, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, *Denton v. Hernandez,* 504 U.S. 25, 33 (1992).

Applying these standards, it is respectfully recommended that Plaintiff's civil rights action be dismissed with prejudice as frivolous pursuant to 28 U.S.C. §§

1915(e)(2)(B) and 1915A(b)(1).  It is respectfully recommended further that the dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).  Lastly, it is respectfully recommended that sanctions be imposed against Plaintiff for filing this frivolous and unnecessary civil rights action.

## I.     JURISDICTION.

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

## II.     BACKGROUND FACTS AND PLAINTIFF'S ALLEGATIONS.

Plaintiff is currently incarcerated at the Reeves County Detention Center in Pecos, Texas.  In 2015, Plaintiff was indicted by a federal grand jury for seven counts of distribution and possession of child pornography.  (*United States v. Cardenas-Lira*, No, 2:15-CR-128-1, D.E. 1).  After pleading guilty to one count of possession of child pornography, Plaintiff was sentenced on August 21, 2015 to 84 months' imprisonment. (*Id.*, D.E. 28).  Plaintiff's appeal from his judgment of conviction was dismissed on December 15, 2015.  (*Id.*, D.E. 46).

Starting on September 26, 2016, Plaintiff filed several pleadings in his criminal proceeding in which he attempted to assert claims pursuant to the Uniform Commercial Code (UCC).  (*Id.*, D.E. 58, 64, 65, 67).  He further filed a lengthy *pro se* Writ/Affidavit in which he complained about the negligence and malpractice of his defense attorney during his criminal proceeding.  (*Id.*, D.E. 69).  Plaintiff sought several types of relief in his pleadings, including bond, the transfer of his criminal proceedings to a different court, and money damages.  (*Id.*).

In an order entered on January 26, 2018, District Judge Hayden Head concluded that the UCC had no application to federal criminal law or procedure. (*Id.*, D.E. 70 at p. 2). Judge Head further concluded that Plaintiff had failed to demonstrate an entitlement to any relief requested in his *pro se* Writ/Affidavit. (*Id.*, D.E. 70 at p. 2). After instructing Plaintiff that he may seek relief for violations of his constitutional rights during the course of his criminal proceeding by filing a 28 U.S.C. § 2255 motion, Judge Head issued the following sanctions warning to Plaintiff:

> **Cardenas-Lira is warned that any further pleadings or motions filed in his criminal case that seek relief pursuant to the UCC, in negligence, gross negligence or any other theory will be stricken and the Court may impose sanctions.**

(*Id.*, D.E. 70 at pp. 2-3 (emphasis in original).

On March 1, 2018, Plaintiff filed a § 2255 motion in his criminal proceeding in which he claimed that: (1) defense counsel rendered ineffective assistance of counsel; (2) the criminal proceeding contained false records and transcripts; (3) he was subjected to kidnapping and abduction acts when he was questioned by authorities; (4) he was maliciously prosecuted; (5) the trial court lacked jurisdiction; (6) his conviction was due to plain error; (7) he is factually innocent; and (8) the criminal proceedings were unfair. (*Id.*, D.E. 72 at pp. 5-10). Plaintiff's § 2255 motion is still pending.

On May 21, 2018, Plaintiff filed the instant civil rights action against his retained counsel Charles A. Banker, III, Federal Public Defender Lila Michel Garza, and Judge Head. (D.E. 1). Plaintiff complains that: (1) on April 8, 2015, Mr. Banker arrived late for a hearing in his criminal proceeding under the influence of either alcohol, drugs, or

medicine; (2) Mr. Banker was intimidated by Judge Head for arriving late; (3) Mr. Banker and Judge Head knew each other a long time and had "formed a conflict of interest;" and (4) Ms. Garza rendered ineffective assistance of counsel and lacked professional character during the course of Plaintiff's federal criminal proceeding. (D.E. 1; pp. 3-4). It is unclear what type of relief Plaintiff seeks in this action.

## III.   LEGAL STANDARD.

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988).

In contrast to § 1983 actions brought against state actors, civil rights actions brought against federal actors generally arise under *Bivens v. Six Unknown Names Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). "A *Bivens* action is the counterpart to a § 1983 civil rights action and extends to parties injured by federal actors the protections afforded under § 1983 to parties injured by state actors." *Grainger v. Federal Bureau of Prisons*, No. C-08-387, 2009 WL 47127, at *2 (S.D. Tex. Jan. 6, 2009) (citing *Carlson v. Green*, 446 U.S. 14, 18 (1980)).

An action may be dismissed for failure to state a claim when the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678.  The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed.  *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002).

A claim is frivolous if it has no arguable basis in law or fact.  *Neitzke v. Williams,* 490 U.S. 319 (1989).   A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."  *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998).

## IV.    DISCUSSION

### A.    Analysis of Plaintiff's Claims

Plaintiff claims that his retained and appointed counsel in his federal criminal proceeding rendered ineffective assistance of counsel.  He further claims that Judge Head and Mr. Banker had a conflict of interest through their prior association.  Regardless how Plaintiff attempts to characterize his claims, they effectively seek to challenge the validity of his federal criminal conviction.  As such, Plaintiff's claims are subject to dismissal pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994).

In *Heck*, the Supreme Court held:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized

to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486-87.  The *Heck* rule also applies where a plaintiff seeks injunctive or declaratory relief, which, if granted, would necessarily imply that a conviction is invalid.  *See Mann v. Denton County, Texas*, 364 F. App'x 881, 883 (5th Cir. 2010); *Reger v. Walker*, 312 F. App'x 624, 625 (5th Cir. 2009).  The *Heck* rule also applies to *Bivens* actions where prisoners seek to attack the validity of their federal conviction.  *Stephenson v. Reno*, 28 F.3d 26, 27 (5th Cir. 1994).

A ruling in Plaintiff's favor on his claims "would necessarily imply the invalidity of his" conviction for possession of child pornography in *United States v. Cardenas-Lira*, No. 2:15-CR-128-1.  *Heck*, 512 U.S. at 487.  Since no court has reversed or otherwise invalidated Plaintiff's conviction, his claims are barred by *Heck*.  Accordingly, it is respectfully recommended that Plaintiff's claims against Defendants be dismissed as frivolous until such time as Plaintiff satisfies the conditions set forth in *Heck*.[1]

Even if Plaintiff's claims were not *Heck* barred, he cannot proceed against any of the named defendants.  Federal public defenders and private criminal defense attorneys are not state or federal officers for purposes of either a § 1983 or *Bivens* claim.  *See Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988); *Casby v. Riehlman*, No. 14-1770, 2015 WL 1873210, at *2 (E.D. La. Apr. 23, 2015); *Medina v. United States*, No. 3:12-CV-3702, 2012 WL 6802078, at *5 (N.D. Tex. Nov. 13, 2012).  Accordingly, it is recommended that Plaintiff's claims against Defendants be dismissed against

---

[1] The Fifth Circuit has held that *Heck*-barred claims must be "dismissed with prejudice to their being asserted again until the *Heck* conditions are met."  *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

Defendants Banker and Garza be dismissed with prejudice for failure to state a claim and/or as frivolous as they are neither state nor federal actors.

Furthermore, Judge Head is entitled to absolute judicial immunity from suit for his judicial acts and cannot be deprived of immunity even if he was in error, took action maliciously, or acted in excess of his authority. *See Perez v. United States*, No. C-10-246, 2011 WL 4625411, at *3 (S.D. Tex. Oct. 3, 2011) (citing *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991) and *Johnson v. Kegans*, 870 F.2d 992, 995 (5th Cir. 1989)). Accordingly, it is recommended that Plaintiff's claims against Judge Head be dismissed with prejudice for failure to state a claim and/or as frivolous as barred by absolute judicial immunity.

### B.    Sanctions

Federal courts have inherent authority "to protect the efficient and orderly administration of justice and ... to command respect for [its] orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993).   Included in such power is the authority to levy sanctions in response to abusive litigation practices. *Id*.   Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *See* Fed. R. Civ. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195–97 (5th Cir. 1993). Appropriate sanctions may include restrictions on the ability to file future lawsuits without leave of court and monetary sanctions. *United States v. Perkins*, 424 F. App'x 328, 329 (5th Cir. May 4, 2011) (per curiam).

In his January 26, 2018 order dismissing Plaintiff's *pro se* Writ/Affidavit, Judge Head instructed Plaintiff that he may seek relief for violations of his constitutional rights

through a § 2255 motion filed in his criminal proceeding.  (*United States v. Cardenas-Lira*, No, 2:15-CR-128-1, D.E. 70 at p. 2).   Judge Head specifically warned Plaintiff in his federal criminal proceeding that he would be subject to sanctions should he file "any further pleadings or motions in his criminal case that seeks relief pursuant to the UCC, in negligence, gross negligence, or any other theory."  (*Id.*, D.E. 70 at pp. 2-3).

While Plaintiff has filed a § 2255 motion in response to Judge Head's order, he also submitted this civil rights action in which he advances many claims similar to those raised in both his *pro se* Writ/Affidavit and his newly-filed § 2255 action.  Plaintiff already has been warned about his abusive litigation practices.  Such warning, however, has not deterred Plaintiff from filing this frivolous civil action as an unnecessary and wasteful companion to his properly-filed § 2255 motion.  By effectively challenging his federal conviction through this civil rights action, Plaintiff is willfully ignoring Judge Head's instructions contained in the January 18, 2018 Order.   The undersigned recommends, therefore, that Plaintiff be: (1) sanctioned $100.00 for filing this frivolous and unnecessary civil rights action; and (2) barred from filing any civil actions in this Court without first satisfying the monetary sanction imposed and obtaining the permission of a district court or magistrate judge to proceed.

## V.    CONCLUSION.

For the reasons stated above, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), it is respectfully recommended that Plaintiff's civil rights action be dismissed with prejudice as frivolous until such time as Plaintiff satisfies the conditions set forth in *Heck*.  It is respectfully recommended further that, in the alternative,

Plaintiff's claims against: (1) Defendants Banker and Garza be dismissed with prejudice for failure to state a claim and/or as frivolous as they are neither state nor federal actors; and (2) Judge Head be dismissed with prejudice for failure to state a claim and/or as frivolous as barred by absolute judicial immunity.

It is respectfully recommended further that the dismissal of this case count as a "strike" for purposes of 28 U.S.C. § 1915(g), and that the Clerk of the Court be instructed to forward a copy of this Memorandum and Recommendation to the "Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov." Lastly, it is respectfully recommended that Plaintiff be: (1) sanctioned $100.00 for filing this frivolous and unnecessary civil rights action; and (2) barred from filing any civil actions in this Court without first satisfying the monetary sanction imposed and obtaining the permission of a district court or magistrate judge to proceed.

Respectfully submitted this 21st day of June, 2018.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## <u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).